UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRENDA PICKERN, | No.  CIV. S-13-1514 LKK/CMK |
| Plaintiff, | |
| v. | **ORDER** |
| YIN LIU, INC., dba McDONALD'S #20560, et al., | |
| Defendants. | |

Plaintiff Brenda Pickern sues defendant Yin Liu, Inc. d/b/a McDonald's #20560[1] alleging violations of the Americans with Disabilities Act and related California statutes. Plaintiff now moves to strike one affirmative defense raised in defendant's answer. This matter was originally set for hearing, but has been decided on the papers.

**I. BACKGROUND**

Plaintiff, who has multiple disabilities and uses an electric wheelchair, encountered barriers that interfered with

---

[1] McDonald's Corporation is an additional named defendant, but is not a party to the instant motion.

1

her ability "to use and enjoy the goods, services, privileges, and accommodations offered at" a McDonald's restaurant in Vacaville, California. (Complaint ¶¶ 1, 8, 10.) Defendant and McDonald's Corporation own, lease and/or operate this restaurant. (Id. ¶¶ 2, 7.)

Plaintiff asserts five causes of action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*. ("ADA"): (1) denial of "full and equal" enjoyment and use of the facility, 42 U.S.C. § 12182(a); (2) failure to remove architectural barriers in an existing facility, 42 U.S.C. § 12182(b)(2)(A)(iv); (3) failure to design and construct an accessible facility, 42 U.S.C. § 12183(a)(1); (4) failure to make an altered facility accessible, 42 U.S.C. § 12183(a)(2); and (5) failure to modify existing policies and procedures, 42 U.S.C. § 12182(b)(2)(A)(ii).

Plaintiff also asserts derivative state law claims under the California Disabled Persons Act, Cal. Civ. Code §§ 54, *et seq.*, the Unruh Civil Rights Act, Cal. Civ. Code § 51, *et seq.*, and relevant provisions of the California Health & Safety Code.

On September 12, 2013, defendant answered, denying many of plaintiff's factual allegations and raising nine affirmative defenses: (1) failure to mitigate damages; (2) undue burden; (3) laches; (4) Unruh Act bar against compelling physical alterations to a legally constructed structure; (5) further action is not readily achievable; (6) further accommodations or alterations are not feasible; (7) lack of standing; (8) statute of limitations; and (9) unclean hands. (Answer, ECF No. 8.)

Plaintiff now moves to strike the fourth affirmative defense with prejudice as legally-insufficient. (Motion, ECF No. 12.)

**II. STANDARD**

Federal Rule of Civil Procedure 12(f) authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A motion to strike is properly granted if it will make trial less complicated or else eliminate delay, serious risks of prejudice to the moving party, or confusion of the issues. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds by 510 U.S. 517 (1994).

Under Rule 8(b)(1)(A), "In responding to a pleading, a party must state in short and plain terms its defenses to each claim asserted against it." Affirmative defenses "plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." Fed. Deposit Ins. Corp. v. Main Hurdman, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing Gomez v. Toledo, 446 U.S. 635, 640–41 (1980)).

An affirmative defense may be stricken as insufficient either as a matter of law or as a matter of pleading. Kohler v. Islands Rests., LP, 280 F.R.D. 560, 564 (S.D. Cal. 2012). Legal insufficiency means that the affirmative defense lacks merit "under any set of facts the defendant might allege." McArdle v. AT&T Mobility LLC, 657 F. Supp. 2d 1140, 1150 (N.D. Cal. 2009), rev'd on other grounds by 474 Fed. Appx. 515 (2012). Pleading insufficiency means a failure to provide the plaintiff with fair notice. Kohler, 280 F.R.D. at 565.

3

1    In pleading an affirmative defense, a party must give "fair
2 notice of what the [affirmative defense] is and the grounds upon
3 which it rests." Bell Atlantic v. Twombly, 550 U.S. 544, 555
4 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).
5    To meet this requirement, each affirmative defense must be
6 supported by factual allegations. Ashcroft v. Iqbal, 556 U.S.
7 662, 678 (2009). This court "must accept as true all of the
8 factual allegations contained in the [answer]." Erickson v.
9 Pardus, 551 U.S. 89, 94 (2007) (citations omitted). Neither legal
10 conclusions nor conclusory statements are themselves sufficient,
11 and such statements are not entitled to a presumption of truth.
12 Iqbal, 556 U.S. at 664.
13    After identifying the non-conclusory factual allegations,
14 the court determines whether these allegations, taken as true and
15 construed in the light most favorable to the defendant, plausibly
16 establish that plaintiff has no right to recovery. Iqbal, 556
17 U.S. at 664. "Plausibility," as it is used in Twombly and Iqbal,
18 does not refer to the likelihood that a pleader will succeed in
19 proving the allegations. Instead, it refers to whether the
20 allegations "allow[] the court to draw the reasonable inference
21 that the defendant is [not] liable for the misconduct alleged."
22 Iqbal, 556 U.S. at 663.
23    If the court determines that an affirmative defense is
24 insufficiently pled, it may strike the defense and require the
25 defendant to file an amended pleading that includes more specific
26 allegations. Leave to amend will be freely granted so long as no
27 prejudice results to the moving party.
28 ////

4

**III. ANALYSIS**

Defendant's Fourth Affirmative Defense provides as follows:

> Plaintiff seeks to compel physical alterations to a legally constructed structure. Plaintiff's claims under the Unruh Act are barred by statutory provisions of Civil Code sections 51 and 52 which exclude requirements to effect construction alteration, repair or modification. (Answer ¶ 57.)

The relevant subsections of Cal. Civ. Code § 51 and § 52 are nearly identically-worded, and are reproduced below. Differences in wording are highlighted.

> § 51(d): **Nothing in this section shall be construed to require** any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure, nor **shall anything in this section be construed to** augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

> § 52(g): **This section does not require** any construction, alteration, repair, structural or otherwise, or modification of any sort whatsoever, beyond that construction, alteration, repair, or modification that is otherwise required by other provisions of law, to any new or existing establishment, facility, building, improvement, or any other structure, nor **does this section** augment, restrict, or alter in any way the authority of the State Architect to require construction, alteration, repair, or modifications that the State Architect otherwise possesses pursuant to other laws.

In its initial motion, plaintiff advances three arguments for why the affirmative defense in question should be stricken. First, she argues that the defense is legally insufficient, as – even if the Unruh Act provisions in question prohibit courts from compelling physical alterations – the Unruh Act is preempted by the ADA, which does provide for such remedies. This argument is fallacious. The affirmative defense in question quite clearly provides that "Plaintiff's claims **under the Unruh Act** are barred by [the applicable Civil Code] provisions . . . ." As defendant is not raising these provisions as a defense to physical alterations compelled under the ADA, preemption is a non-issue. Defendant correctly argues that, if it were to resolve plaintiff's ADA claims before trial, but her Unruh Act claims survived, the "Fourth Affirmative Defense would remain as a valid limitation on the extent of injunctive relief Plaintiff might be able to recover solely under the Unruh Act." (Opposition 3, ECF No. 15.) Defendant's reasoning is sound.

    Plaintiff's next argument is difficult to parse. The Unruh Act provides that "[a] violation of the right of any individual under the federal Americans with Disabilities Act of 1990 (P.L. 101-336) shall also constitute a violation of this section." Cal. Civ. Code § 51(f). Plaintiff reads this provision to mean that "the Unruh Act does not conflict with the ADA but strengthens it." (Motion 2, ECF No. 12-1.) To which the proper response is: so what? The quoted provision makes ADA violations actionable under the Unruh Act, but does not go so far as to incorporate ADA remedies or preempt Unruh Act defenses. Plaintiff's second argument is therefore unavailing.

6

Plaintiff's third argument is that "the Unruh Act itself provides injunctive relief which would require McDonald's to remediate certain [California] Building Code violations." In support, she cites Cal. Civ. Code § 52(c)(3), which provides that a complaint for relief under the Unruh Act must include, *inter alia*, "[a] request for preventive relief, including an application for a permanent or temporary injunction, restraining order, or other order against the . . . persons responsible for the conduct, as the complainant deems necessary to ensure the full enjoyment of the rights described in this section." Plaintiff's argument is again unavailing. That a plaintiff may pray for injunctive relief under the Unruh Act does not in any way conflict with other provisions of the Act that limit the scope of available injunctive relief thereunder.

Plaintiff then cites Moeller v. Taco Bell Corp., 816 F. Supp. 2d 831, 848 (N.D. Cal. 2011) for the proposition that "[a] violation of the standards in Title 24 [of the California Code of Regulations, governing the physical accessibility of public accommodations] constitutes a violation of both the Unruh Act and the [California Disabled Persons Act, Cal. Civ. Code § 54, *et seq*.]." Plaintiff is again conflating the Unruh Act's incorporation of external legal standards with limits that the Act places on remedies when these standards are violated. There is no conflict between these provisions that would merit striking the fourth affirmative defense.

On reply, plaintiff argues, for the first time, that the defense in question ought to be stricken as a negative defense pled in the form of an affirmative defense. As it is well-settled

that courts "need not consider arguments raised for the first time in a reply brief," <u>Zamani v. Carnes</u>, 491 F.3d 990, 997 (9th Cir. 2007), the court will disregard this argument.

**IV. CONCLUSION**

In light of the foregoing, plaintiff's motion to strike defendant's fourth affirmative defense is DENIED.

IT IS SO ORDERED.

DATED:  January 10, 2014.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8